UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| COMBINED MANAGEMENT, INC., )<br>        Plaintiff, )<br>   v. )<br>ROBERT BARROW, et al., )<br>        Defendants. ) | No. 2:07-CV-38-MJK |
| ROBERT BARROW, et al., )<br>        Third-Party Plaintiffs, )<br>   v. )<br>WILLIAM HAINES, et al., )<br>        Third-Party Defendants. ) | |

MEMORANDUM OF DECISION AND ORDER
ON THIRD-PARTY CLAIM
AGAINST WILLIAM HAINES

On August 20, 2008, a stipulation of dismissal was entered that dismissed all claims with prejudice and without costs or attorney fees except for the third-party claims against William Haines. Though served with a copy of the third-party complaint and summons, William Haines has failed to plead or otherwise defend, including after delivery of additional notice of a request for a clerk's entry of default and a motion for default judgment, and after personal service of a notice of hearing for assessment of damages in default. The Motion for Entry of Default Judgment (Doc. No. 43), as amended (Doc. No. 103), is GRANTED.

By declining to participate in this litigation Haines has given up his right to contest his liability on the third-party claims. Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability . . . ."); Brockton Savings Bank v. Peat,

Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) ("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law."). There is one concession by the Third-Party Plaintiffs, however. They concede that judgment should not enter on count seven, for contribution, because as part of their settlement with the Plaintiffs, they have not admitted to liability. Accordingly, Count VII is dismissed with prejudice.

In support of their plea for damages, Third-Party Plaintiffs have submitted the affidavit of their counsel, Marissa I. Delinks (Doc. No. 103-3). Her affidavit relates the following with regard to damages:

> 9. Barrow Group [1] settled CMI's claims and agreed to pay $177,500 to CMI. The settlement has been finalized and the Barrow Group has paid CMI $177,500.
>
> * * *
>
> 11. Hinshaw & Culbertson LLP has billed the following legal fees in connection with the defense of Barrow Group in this matter:
>
> | | |
> |---|---|
> | Fees billed through September 30, 2008 | $265,491.29 |
> | Unbilled fees as of October 17, 2008 | $   4,600.00 |
> | Total Hinshaw Fees | $270,091.25 [2] |
>
> 12. Verrill Dana, LLP has billed $137,158.31 in legal fees through October 17, 2008 in connection with the defense of Barrow Group in this matter.
>
> 13. The total legal fees billed through October 17, 2008 in connection with the defense of Barrow Group in this matter is $407,249.56. These attorneys' fees were incurred by virtue of Barrow Group's having to defend a claim that was caused by the acts and/or omissions of Haines.
>
> 14. Hinshaw & Culbertson LLP has incurred and billed the following disbursements in connection with the defense of Barrow Group in this matter:

---

1    Attorney Delinks's reference to Barrow Group is a shorthand reference to all three Third-Party Plaintiffs.

2    There is an apparent typographical error in counsel's affidavit. The sum recorded in her affidavit is $270,091.25, but the figure for the fees ends in .29, not .25. Because the Third-Party Plaintiffs have used the .25 figure to determine their total damages, I also use that number.

2

|  |  |
|---|---|
| document technology vendors for imaging, scanning and discovery related expenses: | $14,136.00 |
| travel expenses for depositions in Atlanta, GA, Harrisburg, PA and Wilkes-Barre, PA | $ 3,352.71 |
| deposition transcripts | $ 3,356.51 |
| expert fees (2 experts) | $47,562.50 |
| subpoenas | $    500.00 |
| Total Expenses | $68,907.72 |

15. Verrill Dana, LLP has incurred and billed $5,499.11 in costs in connection with the defense of Barrow Group in this matter.

16. The total expenses incurred in connection with the defense of Barrow Group in this matter is $74,406.83. These costs and expenses were incurred by virtue of Barrow Group's having to defend a claim that was caused by the acts and/or omissions of Haines.

I find these facts to be true. Also based on the Delinks affidavit, I find that Third-Party Defendant William Haines is neither an infant nor an incompetent person. I further conclude that he is not in the military service of the United States.

Based on the foregoing, count VII of the Third-Party Complaint is DISMISSED WITH PREJUDICE and JUDGMENT IS ENTERED for the Third-Party Plaintiffs against Third-Party Defendant William Haines on counts I, II, III, IV, V, VI, and VIII. It is ORDERED that the Third-Party Plaintiffs recover from Third-Party Defendant Haines the sum of $659,156.39. This sum represents a damages award of $177,500.00 on all counts, plus an additional $481,656.39 for the costs and fees incurred in defense of the primary action, which expenses of the defense are recoverable by the Third-Party Plaintiffs as a component of damages on their eighth count for

indemnification.  See Northeast Bank v. Murphy, 512 A.2d 344, 351 (Me. 1986);  Partridge v. Dubord, No. CV-95-492, 1997 Me. Super. Lexis 109 (Me. Sup. Ct. Mar. 31, 1997).

*SO ORDERED.*

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 28, 2008